UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BARBARA STUART ROBINSON,

    Plaintiff,

v.

PIERCE COUNTY,

    Defendant.

CASE NO. 3:23-CV-5416-DGE

REPORT AND RECOMMENDATION

Noting Date: June 2, 2023

The District Court has referred Plaintiff Barbara Stuart Robinson's pending Application to Proceed *In Forma Pauperis* ("IFP") and proposed complaint to Chief United States Magistrate Judge David W. Christel pursuant to Amended General Order 02-19. On May 8, 2023, Plaintiff filed a proposed civil complaint and an application to proceed *in forma pauperis* ("IFP"), that is, without paying the filing fee for a civil case. *See* Dkt. 1.

**Standard for Granting Application for IFP.** The district court may permit indigent litigants to proceed IFP upon completion of a proper affidavit of indigency. *See* 28 U.S.C. §1915(a). However, the court has broad discretion in denying an application to proceed IFP. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963).

|   |   |
|---|---|
| 1 | **Plaintiff's Application to Proceed IFP.**  Plaintiff states she is unemployed and received |
| 2 | $6,594.00 last year from DoorDash. *See* Dkt. 1. Plaintiff has no cash on hand and no money in |
| 3 | her bank accounts. *Id*. at p. 2. She has no assets and no monthly expenses. *Id*. |
| 4 | **Review of the Complaint.**  The Court has carefully reviewed the proposed complaint in |
| 5 | this matter. Because Plaintiff filed this proposed complaint *pro se*, the Court has construed the |
| 6 | pleadings liberally and has afforded Plaintiff the benefit of any doubt. *See Karim-Panahi v. Los* |
| 7 | *Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). |
| 8 | In the proposed complaint, Plaintiff names Pierce County as the sole Defendant. Dkt. 1-1. |
| 9 | Plaintiff alleges Pierce County has violated 33 U.S.C. 931 by forcing non-citizens to lie on the |
| 10 | "online blue card and response to [jury] summons." *Id*. at 3-5. She requests injunctive relief |
| 11 | halting Pierce County's juror services until Pierce County can properly revise all qualifying |
| 12 | questions to ensure that all persons serving as jurors in Pierce County are United States Citizens. |
| 13 | *Id*. |
| 14 | ***Sua Sponte* Dismissal.**  The Court must subject each civil action commenced pursuant to |
| 15 | 28 U.S.C. § 1915(a) to mandatory screening and order the *sua sponte* dismissal of any case that |
| 16 | is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks |
| 17 | monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); |
| 18 | *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § |
| 19 | 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. |
| 20 | 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua* |
| 21 | *sponte* dismiss an IFP complaint that fails to state a claim). An IFP complaint is frivolous if "it |
| 22 | ha[s] no arguable substance in law or fact." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, |
| 23 |   |
| 24 |   |

1369 (9th Cir. 1987) (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

A *pro se* plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

**Analysis of Plaintiff's Claim**. In the proposed complaint, Plaintiff brings this suit against Pierce County under 33 U.S.C. § 931. Dkt. 1-1 at 3. Plaintiff alleges Pierce County's jury selection process does not ensure all individuals serving on juries in Pierce County are United States Citizens. *Id*.

Under 33 U.S.C. § 931(c), which pertains to the Longshore and Harbor Workers' Compensation Act ("LHWCA"), a claimant or representative of a claimant who knowingly and willfully makes a false statement or representation for the purpose of obtaining a benefit or payment under the LHWCA is guilty of a felony and can be punished by imprisonment and/or a fine. 33 U.S.C. § 931(a). Furthermore, "[a] person ... who knowingly and willfully makes a false statement or representation for the purpose of reducing, denying, or terminating benefits to an injured [Longshore or Harbor] employee" shall be punished by imprisonment and/or a fine. *Id*. at § 931(c). Plaintiff alleges that Pierce County's juror summons questionnaire allows non-citizens to lie about their citizenship status. Dkt. 1-1. 33 U.S.C. § 931 does not provide a basis for Plaintiff's claims.

Because 33 U.S.C. § 931 does not provide a basis for Plaintiff's claims and because Plaintiff has provided no other federal statute, treaty, or provision of the United States Constitution that is at issue in this case, the proposed complaint should be dismissed.[1]

**Leave to Amend.** Unless it is absolutely clear that no amendment can cure the defects of a complaint, a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir.1995). As 33 U.S.C. § 931 does not provide a basis for relief, the Court finds Plaintiff cannot cure the deficiencies of the proposed complaint. Therefore, the Court finds leave to amend would be futile.

**Decision on Application to Proceed IFP.** A district court may deny leave to proceed IFP at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit. *Minetti v. Port of Seattle*, 152 F.3d 1113 (9th Cir. 1998), quoting *Tripati v. First Nat'l Bank & Trust*, 821 F. 2d 1368, 1370 (9th Cir. 1987). As the Court finds this action is without merit and the proposed complaint should be dismissed, the Court recommends denying leave to proceed *in forma pauperis*.

**Conclusion.** For the above stated reasons, the Court recommends the proposed complaint be dismissed without prejudice for failure to state a claim, the Application to Proceed IFP (Dkt.1) be denied, and this case be closed.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P.

---

[1] The Court notes the proposed complaint suffers from additional deficiencies. For example, Plaintiff's claims are conclusory and do not appear to state a claim for which relief can be granted in federal court. As the Court finds the proposed complaint should be dismissed, the Court declines to discuss additional deficiencies in the proposed complaint.

6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on June 2, 2023, as noted in the caption.

Dated this 18th day of May, 2023.

David W. Christel
Chief United States Magistrate Judge