UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BARBARA STUART ROBINSON,<br><br>              Plaintiff,<br>   v.<br><br>PIERCE COUNTY,<br><br>             Defendant. | CASE NO. 3:23-cv-05416-DGE<br><br>ORDER ON MOTION TO PROCEED IN FORMA PAUPERIS (DKT. NO. 1) |

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable David W. Christel, Chief United States Magistrate Judge (Dkt. No. 4) and Plaintiff Barbara Robinson's objections to the R&R (Dkt. No. 5). For the reasons stated herein, the Court ADOPTS the R&R but addresses Plaintiff's objections below.

# BACKGROUND

Plaintiff filed an application to proceed in forma pauperis (IFP) and a proposed complaint on May 8, 2023.  (Dkt. No. 1.)  Plaintiff names Pierce County as the sole defendant.  (Dkt. No. 1-1.)  She alleges Pierce County violated 33 U.S.C. § 931 by forcing non-citizens to lie on the "online blue card and response to [jury summons]."  (*Id*. at 3–5.)  She asks this Court to halt Pierce County's juror services until it can revise all qualifying questions to ensure all persons serving on Pierce County juries are United States Citizens.  (*Id*.)

On May 18, 2023, Judge Christel issued an R&R, recommending "the proposed complaint be dismissed without prejudice for failure to state a claim, the Application to Proceed IFP (Dkt. 1) be denied, and this case be closed."  The R&R notes the statute Plaintiff cites as support of her claim is the Longshore and Harbor Workers' Compensation Act ("LHWCA").  The LHWCA provides that a claimant or representative of a claimant who knowingly and willfully makes a false statement or representation for the purpose of obtaining a benefit or payment under the Act is guilty of a felony and can be punished by imprisonment and/or a fine.  33 U.S.C § 931(a).  The R&R reasons this statute does not provide a basis for Plaintiff's claim that the Pierce County juror summons questionnaire allows non-citizens to lie about their citizenship status.  Because Plaintiff provides no other basis for her claims in the Complaint, the R&R found amendment would be futile and recommends both dismissal of the Complaint and denial of the IFP application.

# OBJECTIONS

Plaintiff filed timely objections to the R&R.  (Dkt. No. 5.)  In the objections, she cites to no authority which provides a cause of action for such a suit against Pierce County.  She again

cites to the LHWCA, which as the R&R comprehensively outlines, is not a basis for her claims. Plaintiff additionally cites to Washington Revised Code § 5.60.050, which indicates which persons are incompetent to testify. However, jurors do not testify so this statute too provides no basis for her claims.

Perhaps most relevant to her claims, Plaintiff cites Washington Revised Code § 2.36.070 Qualification of a Juror. Under this statute, "A person shall be competent to serve as a juror in the state of Washington unless that person . . . [i]s not a citizen of the United State [or] [i]s not a resident of the county in which he or she has been summoned to serve[.]" Wash. Rev. Code § 2.36.070 (2)–(3). As Judge Christel writes in a footnote of the R&R, there are numerous additional issues with the Complaint beyond the lack of basis for suit. (Dkt. No. 4 at 4.) Plaintiff's claims in both the Complaint and the objections are conclusory without identifying any facts supporting a claim for relief. Plaintiff also fails to allege an injury in fact, a necessary element of standing. *See Barnum Timber Co. v. U.S. E.P.A.*, 633 F.3d 894, 897 (9th Cir. 2011). Even if Pierce County were committing violations of Washington Revised Code § 2.36.070, Plaintiff provides no basis for her standing in bringing suit; she instead again fruitlessly cites to the LHWCA. (Dkt. No. 5 at 5.)

**CONCLUSION**

Accordingly, having conducted a de novo review of the Report and Recommendation of Magistrate Judge David W. Christel, objections to the Report and Recommendation, and the remaining record, the Court hereby ORDERS:

1. The Court adopts the Report and Recommendation (Dkt. No. 4).

2. Plaintiff's application to proceed IFP (Dkt. No. 1) is DENIED and Plaintiff's claims are dismissed without prejudice.

3. The Clerk is directed to send copies of this Order to Plaintiff and to the Hon. David W. Christel.

Dated this 2nd day of August 2023.

David G. Estudillo
United States District Judge